COMMONWEALTH of Pennsylvania,
Appellee

v.

Richard MERCADO, Appellant.

Superior Court of Pennsylvania.

Submitted April 21, 2003.

Filed June 5, 2003.

Richard Mercado, appellant, pro se.

Mark P. Pazuhanich, Dist. Atty., Stroudsburg, for Com., appellee.

Before: HUDOCK, POPOVICH, and CAVANAUGH, JJ.

CAVANAUGH, J.

¶ 1 Does this court have jurisdiction to consider the merits of Richard Mercado's appeal from a trial court order of December 10, 2002 which dismissed, without hearing, Mercado's petition for a writ of *habeas corpus?* We will conclude that the trial court, per The Honorable Peter J. O'Brien, was correct in entering the dismissal order.

¶ 2 Mercado is serving a life sentence for conviction of a murder which took place in Monroe County in April of 1981. His judgment of sentence became final in 1985 upon the disposition of his direct appeal. Over the years which followed affirmation of his sentence, Mercado pursued a number of initiatives in both the state and federal forums. His most recent petition, previous to the instant application, result-

ed in affirmation of dismissal of a P.C.R.A. petition. We decided that the petition had not been timely filed under the one-year limitation provided at 42 Pa.C.S.A. § 9545(b). *Commonwealth v. Mercado,* 718 A.2d 345 (Pa.Super.1998). The judgment of this court dated April 1, 1998, was left in place by the supreme court's denial of a petition for allowance of appeal on March 12, 1999. *Commonwealth v. Mercado,* No. 302 MAL 98 (Pa. 3/12/99).

¶ 3 In his *pro se* brief on appeal, which is in impressive conformity to our complex Rules of Appellate Procedure, Mercado argues that his issues deserve appellate consideration under the remedial vehicle of a writ of habeas corpus. He argues that the trial court erred in dismissing his application relying upon the exclusivity of the Post Conviction Relief Act as the avenue for those seeking a remedy after conviction. Appellant contends that the trial court and the district attorney are too eager to catalog his many unsuccessful efforts to achieve a remedy for his wrongful conviction in an effort to deflect consideration of his present theory of access to judicial review. He is, of course, correct that a past history of thwarted efforts to seek relief should not deter a court from conscientious consideration of a claim once it is shown that the matter is properly before the judicial body. However, we agree with the trial court that appellant has not shown that his claim is cognizably before the court. Appellant is steadfast in his insistence that he is not seeking P.C.R.A. relief, but proceeds under the form of *habeas corpus.* In support, he makes the novel argument that he is seeking relief, not from irregularities at his trial, but seeks a remedy for wrongs which occurred at his post-conviction proceedings. Further, it is claimed that to rule otherwise is to unconstitutionally suspend the writ of *habeas corpus* as a remedy for redress.

¶ 4 The exclusivity of the Post–Conviction Relief Act is provided in the statement of the scope of the subchapter:

**§ 9542. Scope of subchapter**

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction. Except as specifically provided otherwise, all provisions of this subchapter shall apply to capital and noncapital cases.

¶ 5 It is clear that the P.C.R.A. provides the sole means for obtaining relief for persons wrongly convicted or serving an illegal sentence.

¶ 6 In *Commonwealth v. Peterkin,* 554 Pa. 547, 722 A.2d 638 (1998), our supreme court gave force to this provision in face of an argument that the appellant had a right to pursue his remedy under the constitutionally and statutorily provided remedy of *habeas corpus.* The court, relying on *Sayres v. Commonwealth,* 88 Pa. 291 (1879), held that "while there may be legislative limitations or judicial limitations on constitutional rights, such limitations must be reasonable." *Peterkin,* at 642. Accordingly, the court decided that the 1995 amendments to the P.C.R.A. established a scheme to accord finality to P.C.R.A. peti-

tions. *Peterkin's* petition was found to be out of time under the P.C.R.A. and as the court also held the time limitations not to be constitutionally infirm, the petition was properly dismissed. The P.C.R.A. was held to subsume *habeas corpus* and the petition was subject to P.C.R.A. restrictions.

¶ 7 In *Commonwealth v. Chester,* 557 Pa. 358, 733 A.2d 1242 (1999), *Peterkin* was followed, and it was held that in review of penalty phase hearings of capital cases, the P.C.R.A. applies to the exclusion of *habeas corpus* proceedings. More recently, the supreme court held that an appellant who sought restoration of his appeal rights, *nunc pro tunc,* was bound by the timeliness provisions of the P.C.R.A. and opined that there is no right to separately pursue a request for relief *nunc pro tunc* outside the P.C.R.A. *Commonwealth v. Hall,* 565 Pa. 92, 771 A.2d 1232 (2001) (claims that *could* be brought under the P.C.R.A. *must* be brought under the Act). *See also Commonwealth v. Ahlborn,* 548 Pa. 544, 699 A.2d 718 (1997) (P.C.R.A. available exclusively for those who are under sentence) and *Commonwealth v. Rivera,* 565 Pa. 289, 773 A.2d 131 (2001) (rejected use of *habeas* where remedy available under P.C.R.A.)

¶ 8 Appellant furnishes no authority to support his proposition that *habeas corpus* is available for a claim of errors of constitutional dimension which occurred during his previous P.C.R.A. proceedings and that, therefore, he is not bound by the restrictions provided in the P.C.R.A. Nor, has our research uncovered any authority dealing with this specific claim.

¶ 9 We conclude, nevertheless, that appellant's claim of availability of *habeas corpus* as an avenue to review is without merit. Our review of the supreme court jurisprudence, including those cases cited *supra,* makes it clear that the exclusivity of the P.C.R.A. for those matters within its purview is ironclad. Moreover, we find nothing in the Act which would support the distinction urged by appellant. Given the adherence to the policy of exclusivity of the P.C.R.A., to carve out an exception for claims of error *during* the collateral proceedings, would undermine the goal of the P.C.R.A. which is to channel all claims for post-conviction relief by those under sentence to a uniform statutory framework for seeking relief. *See Peterkin supra.* Thus, alleged trial errors could easily be recast by inventive litigators into collateral appeal errors to avoid the limitations of the P.C.R.A. Further, since the purpose of any initiative to review collateral proceedings is to ultimately gain relief from a conviction, the inevitable route to the relief sought must necessarily be through the only vehicle provided for post-conviction relief, the P.C.R.A. There is no authority vested in this court or the trial court to grant relief to a sentenced defendant who has exhausted his appeal rights outside the framework of the P.C.R.A. That is to say, any infirmity in the collateral proceeding is harmless error unless it can be shown to have affected the truth-determining process to a degree that the adjudication of guilt was so undermined as to be unreliable under 42 Pa.C.S.A. § 9543(a), (2), (i), (iii). Finally, appellant fails to consider that any error in the hearing stage of his P.C.R.A. may be subject to correction on appeal from the order.

¶ 10 We conclude that:

1) appellant has not shown that his claim of error stemming from action or inaction during the course of P.C.R.A. hearing is one that may be considered pursuant to a writ of *habeas corpus* petition.

2) appellant may only have his petition considered under the standard of the P.C.R.A.

3) when subjected to the terms of the P.C.R.A., appellant's claim is subject to dismissal as being out of time, his direct appeal having terminated when the supreme court of Pennsylvania denied his petition for allowance of appeal in January, 1985.[1]

¶ 11 Accordingly, we do not reach the merits of appellant's argument and affirm the order of the trial court which dismissed his petition.

¶ 12 Order affirmed.

1. In his brief, appellant concedes that his petition is untimely under the P.C.R.A. Indeed, a previous appeal from the denial of relief under a P.C.R.A. petition was affirmed by this court on the basis of untimeliness. *See Commonwealth v. Mercado,* supra.