J-S01015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WAYNE EUGENE BROOKS | : | |
| | : | |
| Appellant | : | No. 973 MDA 2016 |

Appeal from the PCRA Order May 20, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000087-1971

BEFORE:   GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED JANUARY 27, 2017**

Appellant, Wayne Eugene Brooks, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which dismissed his *pro se* serial petition for collateral relief (labeled a petition for writ of *habeas corpus*), per the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Following trial, on June 25, 1971, a jury convicted Appellant of first-degree murder arising from his involvement in a shooting death, and the court sentenced Appellant to a mandatory term of life imprisonment.   Our Supreme Court affirmed the judgment of sentence on October 3, 1973.  *See*

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

***Commonwealth v. Brooks***, 454 Pa. 75, 309 A.2d 732 (1973).  Appellant sought no further direct appeal.

Appellant then began a long and unsuccessful journey for post-conviction relief.  On October 28, 2015, Appellant filed his most recent application as a *pro se* petition for writ of *habeas corpus*, in which Appellant argued the statute under which he was sentenced to life imprisonment was invalid.  The PCRA court treated Appellant's petition as a PCRA petition and issued Pa.R.Crim.P. 907 notice on May 2, 2016.  Appellant filed a response on May 12, 2016, and the PCRA court dismissed Appellant's petition on May 20, 2016.  Appellant timely filed a *pro se* notice of appeal on June 8, 2016.  On June 21, 2016, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on July 8, 2016.

Appellant raises the following issue for our review:

> DID THE [PCRA] COURT COMMIT REVERSIBLE ERROR AND ABUSE ITS DISCRETION BY CHANGING APPELLANT'S PETITION FOR WRIT OF *HABEAS CORPUS*, VIOLATION OF EIGHTH AMENDMENT, UNITED STATES CONSTITUTION, UNLAWFUL CONFINEMENT AND CRUEL AND UNUSUAL PUNISHMENT, INTO A PCRA [PETITION]?

(Appellant's Brief at 2).

Appellant argues our Supreme Court, in ***Commonwealth v. Bradley***, 449 Pa. 19, 295 A.2d 842 (1972), declared unconstitutional the statute under which he was convicted and sentenced, *i.e.*, 18 P.S. § 4701 (repealed).  Appellant insists he is entitled to resentencing.  Appellant avers

the PCRA does not govern his present claim, and the PCRA court erred when it denied his petition as an untimely PCRA petition. We disagree.

Preliminarily, the PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S.A. § 9542. "Under the plain words of the statute, if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive** to the PCRA. It is only where the PCRA does not encompass a claim that other collateral procedures are available." ***Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa.Super. 2004) (citations omitted) (emphasis in original). ***See Commonwealth v. Peterkin***, 554 Pa. 547, 557-58, 722 A.2d 638, 642-43 (1998) (stating PCRA time limits do not unreasonably or unconstitutionally limit constitutional right of *habeas corpus* relief). Further, a petitioner may not avoid the timeliness requirements of the PCRA by labeling a filing as a petition for "*writ* of *habeas corpus*." ***Commonwealth v. Mercado***, 826 A.2d 897, 899 (Pa.Super. 2003), *appeal denied*, 574 Pa. 765, 832 A.2d 436 (2003) (stating petition for *habeas corpus* relief must first satisfy jurisdictional PCRA timeliness requirements). Here, Appellant's substantive claim challenges his sentence, which is a claim cognizable under the well-established rubric of the PCRA.

As an additional prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Turner***, 73 A.3d 1283

(Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). The PCRA time limits apply to claims raising the legality of a sentence. **Commonwealth v. Voss**, 838 A.2d 795 (Pa.Super. 2003).

The statute under which Appellant was sentenced provided, in pertinent part, as follows:

> Whoever is convicted of the crime of murder of the first degree is guilty of a felony and shall be sentenced to suffer death…, or to undergo imprisonment for life at the discretion of the jury trying the case, which shall…fix the penalty….

18 P.S. § 4701 (repealed). In **Bradley**, the Pennsylvania Supreme Court declared unconstitutional the Section 4701 **death** penalty. **See Bradley, supra** (vacating Bradley's Section 4701 death sentence and sentencing him directly to life imprisonment) (citing **Furman v. Georgia**, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), which addressed continued viability of death penalty statutes and whether death penalty violated constitutional

prohibition against cruel and unusual punishment). Following **Bradley**, the legislature repealed and replaced Section 4701 with 18 Pa.C.S.A. § 1102 in tandem with 42 Pa.C.S.A. § 9711.[2] **Commonwealth v. Yount**, 615 A.2d 1316, 1318 (Pa.Super. 1992), *appeal denied*, 535 Pa. 634, 631 A.2d 1007 (1993). With respect to challenges to life sentences as unconstitutional under the repealed Section 4701, our Supreme Court also stated:

> If a defendant receives a death sentence and successfully challenges the validity of the statute under which it is imposed, the proper relief is to modify the sentence, as was done in cases where previous death penalty laws were invalidated. [**Bradley, supra**.] The convictions themselves were not struck down…. **The question of the validity of a death penalty statute is moot when no death penalty is imposed**.

**Commonwealth v. Edwards**, 493 Pa. 281, 288, 426 A.2d 550, 553 (1981) (some internal citations omitted) (emphasis added).

Instantly, Appellant received a life sentence which became final on January 2, 1974, upon expiration of the time to file a petition for writ of *certiorari* in the United States Supreme Court. **See** U.S.Sup.Ct.R. 22 (effective in 1974) (allowing 90 days to file petition for *certiorari* with United States Supreme Court). On October 28, 2015, Appellant filed the current post-conviction petition, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1); **Voss, supra**. Additionally, Appellant failed to plead and prove

_____

[2] The new statutes still allow for imposition of the death penalty in Pennsylvania under certain circumstances, with additional safeguards and restrictions.

any exception to the PCRA timeliness requirements. Therefore, his claim remains time-barred.

Moreover, Appellant was not sentenced to death; he was sentenced to life imprisonment under Section 4701. Thus, Appellant's challenge to Section 4701 is moot. **See Edwards, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2017