J-S16026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GARY LYNN BROZIK | : | |
| | : | |
| Appellant | : | No. 1107 WDA 2016 |

Appeal from the PCRA Order July 5, 2016
in the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001398-2010

BEFORE: MOULTON, J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY RANSOM, J.: **FILED MAY 25, 2017**

Appellant, Gary Lynn Brozik, *pro se* appeals from the order entered July 5, 2016, denying as untimely his serial petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In April 2011, Appellant pleaded guilty to possession of a firearm prohibited.[1] In May 2011, Appellant was sentenced to four to ten years of imprisonment.[2] Appellant did not file a direct appeal. Accordingly, Appellant's judgment of sentence became final on June 15, 2011.

---

[1] 18 Pa.C.S. § 6105(a)(1).

[2] As part of the plea agreement, several other charges against Appellant were *nolle prossed*.

---

* Retired Senior Judge assigned to the Superior Court.

In May 2012, Appellant *pro se* filed his first PCRA petition, asserting trial counsel was ineffective by failing to inform Appellant of defenses and mitigating factors. Court-appointed counsel filed an amended PCRA on Appellant's behalf. Following a hearing, the PCRA court denied Appellant's petition as meritless in February 2014. This Court affirmed that decision in December 2014. **Commonwealth v. Brozik**, 116 A.3d 705 (Pa. Super. 2014) (unpublished memorandum). The Supreme Court of Pennsylvania denied *allocatur* in July 2015.

In June 2016, Appellant *pro se* filed the instant petition, styled as a "motion to open/void judgment error coram nobis."[3] According to Appellant, a violation of his **Miranda**[4] rights rendered his sentence illegal. The court treated Appellant's filing as a PCRA and issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, to which Appellant timely objected. In July 2016, the PCRA court dismissed Appellant's petition as untimely. Appellant timely appealed and filed a court-ordered 1925(b) statement. The PCRA court issued a statement in lieu of an opinion.

Appellant raises the following issues for our review:

---

[3] A *petition* for writ of error coram nobis "is generally available to challenge the validity of a judgment based on facts not before the court when the judgment was entered." **Commonwealth v. Sheehan**, 285 A.2d 465, 467 (Pa. 1971).

[4] **Miranda v. Arizona**, 86 S.Ct. 1602 (1966).

1. Whether the court erred in not finding that Appellant raised the arresting officer's (admitted) *Miranda* violation through the original filing?

2. Whether the court erred in not finding that Appellant's open court testimony raised and preserved the *Miranda* issue?

3. Whether the court erred in not addressing the *Miranda* [oversight] through Appellant's motion to open / void judgment error coram nobis?

4. Whether the court erred in not finding that public defender Thomas Shaffer's representation fell below a reasonable level of competence by not acting immediately as arresting officer admitted the *Miranda* violation either by oral or suppression motion?

Appellant's Brief at 3 (some formatting added).

Appellant's mislabeled petition should be considered under the PCRA. The PCRA expressly states that it "shall be the sole means of obtaining collateral relief and encompasses … coram nobis." 42 Pa.S.C. § 9542. As this Court has previously observed:

> Under the plain words of the statute, if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is exclusive to the PCRA. It is only where the PCRA does not encompass a claim that other collateral procedures are available.

*Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004) (internal citations omitted). A petitioner cannot escape the timeliness requirements of the PCRA by mislabeling his petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013); *Commonwealth v. Mercado*, 826 A.2d 897, 899 (Pa. Super. 2003), *appeal denied*, 832 A.2d 436 (Pa. 2003) (stating petition for habeas corpus relief must first satisfy

jurisdictional PCRA timeliness requirements). Here, Appellant's underlying substantive claim concerns the legality of his sentence, which is cognizable under the PCRA. ***See***, ***e.g***., ***Commonwealth v. Voss***, 838 A.2d 795 (Pa. Super. 2003).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***See Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

As an additional prefatory matter, we address the timeliness of Appellant's petition, as it implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claim. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. ***Id***. There are three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 4 -

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is untimely.[5] Accordingly, Appellant must establish jurisdiction by pleading and proving an exception to the timeliness requirement. *See Bennett*, 930 A.2d at 1267. However, Appellant neither pleads nor proves an exception to the time bar. Rather, he seeks relief from an alleged error he concedes existed prior to his guilty plea. *See* Motion to Open/Void Judgment Error Coram Nobis, 6/10/2016.

Appellant's petition is untimely, and he has failed to establish an exception to the timeliness requirements of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claims and properly dismissed his petition. *See Ragan*, 932 A.2d at 1170.

---

[5] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on June 15, 2011, thirty days after his opportunity to file a direct appeal expired. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Appellant's current petition, filed June 10, 2016, was filed over five years late. *See Bennett*, 930 A.2d at 1267.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/25/2017