J-S30017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICKY DEAN WHITNEY | |
| Appellant | No. 1864 MDA 2016 |

Appeal from the PCRA Order entered October 18, 2016,
in the Court of Common Pleas of Adams County,
Criminal Division, at No(s): CP-01-CR-0000789-1997.

BEFORE:  SHOGAN, RANSOM, and MUSMANNO, JJ.

MEMORANDUM BY RANSOM, J.,                    **FILED JUNE 27, 2017**

Appellant, Ricky Dean Whitney, appeals *pro se* from the October 18, 2016 order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The pertinent facts and extensive procedural history, as gleaned from our review of the certified record, are as follows:  In 1998, Appellant was convicted of two counts of attempted murder and related charges following a standoff with police.  On October 13, 1998, the trial court imposed an aggregate sentence of thirty to seventy-two years of imprisonment.  We affirmed his judgment of sentence on October 4, 1999, and Appellant failed to file a timely petition for allowance of appeal.  Appellant filed his first PCRA petition in 2001, and the PCRA court appointed counsel.  The PCRA court denied the petition as untimely, and we affirmed.  Ultimately, our Supreme

granted Appellant's petition for allowance of appeal, reversed this Court, and remanded for an evidentiary hearing regarding the timeliness of Appellant's PCRA petition.

Upon remand and based upon an agreement of the parties, the PCRA court reinstated Appellant's right to petition for allowance of appeal to our Supreme Court. Thereafter, Appellant filed the petition, which our Supreme Court denied on March 8, 2005.

On January 4, 2006, Appellant filed his second PCRA petition, and the PCRA court again appointed counsel. On October 20, 2006, the PCRA Court dismissed the petition on its merits except for certain issues relating to his original sentence. At resentencing on December 1, 2006, the trial court vacated Appellant's original sentence on several counts and resentenced him in a manner that did not affect his aggregate sentence. Appellant filed a timely appeal to this Court, we affirmed on December 2, 2008, and our Supreme Court denied allowance of appeal on March 9, 2010.

On July 10, 2015, Appellant *pro se* filed his third petition, and the PCRA court once again appointed counsel. Following the issuance of Pa.R.Crim.P. 907 notice, the PCRA court denied the petition as untimely filed on September 19, 2015. Appellant timely appealed to this Court, and PCRA counsel filed a motion to withdraw. In an unpublished memorandum filed on August 9, 2016, we affirmed the order denying post-conviction relief and permitted counsel to withdraw. ***Commonwealth v. Whitney***, 156 A.3d 331 (Pa. Super. 2016) (unpublished memorandum).

On October 13, 2016, Appellant *pro se* filed a "Motion to Vacate Illegal Sentence," which the PCRA court correctly concluded should be treated as untimely under the PCRA and dismissed on October 18, 2016. **See Commonwealth v. Mercado**, 826 A.2d 897, 898 (Pa. Super. 2003) (concluding that the PCRA provides the sole means for obtaining relief from an illegal sentence). This timely appeal follows. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

1. Did the [PCRA] Court commit an err[or] of law by failing to correct an illegal sentence pursuant to 42 Pa.C.S.A. §9542?

2. Since 42 Pa.C.S.A. §9712 has been declared unconstitutional, null and void is not the Court mandated to correct a patent err[or] in accordance with the holdings of the Pennsylvania Superior Court and Supreme Court?

3. Since 42 Pa.C.S.A. §9712 is unconstitutional, [under] which Appellant was sentence[d,] [does Appellant] have a right to have his sentence vacated on those charges and resentenced?

Appellant's Brief at 4.

In order to address Appellant's issues, we must first determine whether the PCRA court correctly determined that Appellant's serial petition for post-conviction relief was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

- 3 -

*Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Although Appellant challenges the legality of his sentence, this claim still must be presented in a *timely* PCRA petition. *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013) (emphasis added). This is because the timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1] 42 Pa.C.S.A. § 9545. A PCRA petition

_____

[1] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*(Footnote Continued Next Page)*

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Hernandez**, 79 A.3d 651-52 (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).

In a prior appeal, we determined that Appellant's judgment of sentence "became final on June 7, 2010, his final day to appeal to the United States Supreme Court in the appellate proceedings that followed his resentencing." **Whitney**, mem. op. at 9. Therefore, Appellant needed to file the PCRA petition at issue by June 7, 2011, in order for it to be timely. As Appellant filed the instant petition on October 13, 2016, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Appellant has failed to prove any exception to the PCRA's time bar. He asserts the applicability of the newly-discovered constitutional right exception provided in Section 9545(b)(iii). Specifically, he argues that he is entitled to resentencing on charges in which mandatory minimums were imposed pursuant to the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013). In **Alleyne**, the high court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. **Alleyne**, 131 S.

_(Footnote Continued)_ ───────────────

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

Ct. at 2160-61. In light of this holding, subsequent case law from this Court, as well as the Pennsylvania Supreme Court, have struck down mandatory minimums that were to be applied at sentencing, including 42 Pa.C.S. section 9712. **See Commonwealth v. Valentine**, 101 A.3d 801, 812 (Pa. Super. 2014).

Appellant's claim fails for several reasons. Initially, we note that Appellant did not file his petition within sixty days of the 2013 **Alleyne** decision. Moreover, to the extent Appellant argues he should benefit from retroactive application of the United States Supreme Court's decision in **Alleyne**, **supra**, his claim fails. Assuming *arguendo* the United States Supreme Court recognized a new constitutional right in **Alleyne**, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held the right applies retroactively to cases in which the judgment of sentence had become final. **See, generally**, **Commonwealth v. Whitehawk**, 146 A.3d 266 (Pa. Super. 2016). Finally, our Supreme Court has unequivocally held that **Alleyne** does not apply retroactively to cases, such as Appellant's, pending on collateral review. **See generally**, **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016).

Thus, for all of these reasons, the PCRA court correctly concluded that it lacked jurisdiction to address Appellant's serial PCRA petition. We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/27/2017