J-S35024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GEORGE M. DURHAM :
:
Appellant : No. 1705 WDA 2016

Appeal from the PCRA Order September 22, 2016
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0001860-2007

BEFORE: LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.: **FILED AUGUST 3, 2017**

Appellant, George M. Durham, *pro se* appeals from the order entered

September 22, 2016, denying as untimely his serial petition for collateral

relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-

9546. We affirm.

In March 2008, Appellant was found guilty by a jury of first-degree

murder after stabbing his then-girlfriend, Mary Ann Brown, nineteen times.[1]

In April 2008, Appellant was sentenced to life imprisonment. Appellant *pro

se* filed a litany of pleadings, including a direct appeal, while represented by

counsel. These filings resulted in an exceedingly protracted procedural

history, outlined in great detail by this Court in its memorandum affirming

_____

[1] 18 Pa.C.S. § 2502(a).

*Former Justice specially assigned to the Superior Court.

his judgment of sentence. **See Commonwealth v. Durham**, 998 A.2d 1019 (Pa. Super. 2010) (unpublished memorandum). Appellant did not appeal to the Supreme Court of Pennsylvania. Accordingly, his judgment of sentence became final on May 21, 2010.

In September 2010, Appellant *pro se* filed his first PCRA petition, and court-appointed counsel filed an amended petition on Appellant's behalf. Following a hearing, the PCRA court denied Appellant's petition as meritless in January 2013. This Court affirmed that decision in May 2014. **Commonwealth v. Durham**, 104 A.3d 43 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 102 A.3d 34 (Pa. 2015).

In August 2016, Appellant *pro se* filed the instant petition, styled as a petition for habeas corpus relief. According to Appellant, a lack of jurisdiction rendered his sentence illegal. The court treated Appellant's filing as a PCRA and issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, to which Appellant timely objected. In September 2016, the PCRA court dismissed Appellant's petition as untimely. Appellant timely appealed and filed a court-ordered 1925(b) statement. The PCRA court issued a responsive opinion.

Appellant raises the following issues for our review:

1. Did the lower court err and [abuse] its discretion by holding that [Appellant's] writ of habeas corpus ad subjuiciendum was a second untimely PCRA petition when the issues raised in said writ do not pertain to [Appellant's] innocence, guilt, or sentence?

2. Did the lower court err and abuse its discretion in holding that [Appellant] was not entitled to state habeas corpus [relief] under 42 Pa.C.S.A. § 6501[] et seq., where no other post[-]conviction proceeding is available to same Pa.C.S.A § 6501[] and moreover, where Article 1 Section 14 of the Pennsylvania Constitution 1986 [] guarantees such right not to be suspended or deprived/hampered as to amount to practical deprivation?

3. Did the lower court err and abuse its discretion by holding that [Appellant] was not entitled to an evidentiary hearing on his writ of habeas corpus ad subjiciendum?

Appellant's Brief at 3 (unnecessary capitalization omitted) (some formatting applied).

Appellant's mislabeled petition should be considered under the PCRA. The instant petition asserts that the court was without jurisdiction to impose his sentence of life imprisonment and essentially claims that Appellant's sentence is illegal. Appellant's Brief at 8-28. Therefore, his claim is subsumed into the PCRA. 42 Pa.C.S. § 9543(a)(2)(viii) (petitioner eligible for relief if sentence resulted from a proceeding in a tribunal without jurisdiction). As this Court has previously observed:

> Under the plain words of the statute, if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is exclusive to the PCRA. It is only where the PCRA does not encompass a claim that other collateral procedures are available.

*Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004) (internal citations omitted); *see also* 42 Pa.C.S. § 6503(b). A petitioner cannot escape the timeliness requirements of the PCRA by mislabeling his petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super.

- 3 -

2013); ***Commonwealth v. Mercado***, 826 A.2d 897, 899 (Pa. Super. 2003), *appeal denied*, 832 A.2d 436 (Pa. 2003) (stating petition for habeas corpus relief must first satisfy jurisdictional PCRA timeliness requirements). Here, Appellant's underlying substantive claim concerns the legality of his sentence, which is cognizable under the PCRA. ***See***, ***e.g***., ***Commonwealth v. Voss***, 838 A.2d 795 (Pa. Super. 2003).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***See Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

As an additional prefatory matter, we address the timeliness of Appellant's petition, as it implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claim. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. ***Id***. There are three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 4 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is untimely.[2] Accordingly, Appellant must establish jurisdiction by pleading and proving an exception to the timeliness requirement. *See Bennett*, 930 A.2d at 1267. However, Appellant neither pleads nor proves an exception to the time bar.

Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claims and properly dismissed his petition. *See Ragan*, 932 A.2d at 1170.

Order affirmed.

---

[2] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on May 21, 2010, thirty days after his opportunity to file a direct appeal expired. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a). Appellant's current petition, filed August 25, 2016, was filed over six years late. *See Bennett*, 930 A.2d at 1267.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/3/2017