J-A10044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHOLEY MCKENZIE A/K/A DANIEL BROWN | |
| Appellant | No. 3061 EDA 2017 |

Appeal from the Order Entered August 24, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005517-1995

BEFORE:  GANTMAN, P.J., MCLAUGHLIN, J., and RANSOM, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED JUNE 20, 2018**

Appellant, Choley McKenzie, a/k/a Daniel Brown, appeals from the order entered August 24, 2017, denying as untimely his petition for collateral relief flied under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

We adopt the following statement of facts from the trial court opinion, which in turn is supported by the record.  *See* Trial Court Opinion (TCO), 10/27/17, at 1-5.  On November 10, 1995, Appellant was arrested and charged with possession with intent to deliver and related offenses.[1]  It is unclear from the record why no further action was taken until December 9, 2002.  Regardless, on that date, Appellant entered a negotiated guilty plea to

_____

[1] 35 P.S. § 780-113(a)(30).

* Retired Senior Judge assigned to the Superior Court.

PWID. That same day, he was sentenced to the negotiated term of nine to twenty-three months of incarceration. He did not appeal his sentence, and indeed, completed it over thirteen years ago.

At some time in 2017, Appellant was detained on an immigration violation. On August 21, 2017, Appellant *pro se* filed the instant petition, which he styled as a "Pro Se Motion for Writ of Error Coram Nobis."[2] Appellant argued that his plea counsel provided ineffective assistance by 1) not objecting to the drug type for which Appellant pleaded guilty to possessing; 2) not advising him of his right to a jury trial or his ability to challenge the evidence; 3) not objecting to the fact that Appellant was deported and the DA's office should have dismissed the charges as a result of Appellant's deportation; and 4) abandoning Appellant's direct appeal. *See* Pro Se Petition for Writ of Error Coram Nobis, 8/21/17, at 2-6. Appellant also argued that based upon a change in law, he was entitled to a lesser sentence.[3] *Id.* Appellant averred that he was entitled to a writ of *coram nobis* because he had completed his sentence and relief was no longer available to address the "miscarriage of justice" that had occurred. *Id.*

The trial court denied Appellant's petition on August 24, 2017. Appellant timely appealed and both the trial court and Appellant have complied with

---

[2] A petition for writ of error *coram nobis* "is generally available to challenge the validity of a judgment based on facts not before the court when the judgment was entered." *Commonwealth v. Sheehan*, 285 A.2d 465, 467 (Pa. 1971).

[3] From his petition, it is unclear the change in law to which Appellant refers.

Pa.R.A.P. 1925. In its 1925(a) opinion, the trial court notes that if it did commit error, it should have treated Appellant's petition as a PCRA petition and sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing. However, we need not remand for this reason.[4]

      Appellant raises the following questions for our review:

> 1. Should the result of a conviction rested in the judgment of record as the result of the guilty plea of exactly what occurred in the court? [*sic*]
>
> 2. Did the error in the judgment that cause[d] [Appellant] to [receive] an enhanced sentence constitute invalidation of this conviction where the transcript is unavailable to provide proof of simple possession plead?
>
> 3. Did the trial court [err] in denying the petition when it held that[] facts were known at the time of the plea that [this] case [had remained] open in error?

Appellant's Brief at 8-9 (some formatting changed).

      Appellant's mislabeled petition must be considered under the PCRA. The PCRA expressly states that it "shall be the sole means of obtaining collateral

---

[4] We note that the failure to issue a Rule 907 notice does not automatically warrant reversal, especially where Appellant's petition is patently untimely. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013); *see also Commonwealth v. Pursell*, 749 A.2d 911, 917 n.7 (Pa. 2000) (declining to provide appellant with relief despite PCRA court's failure to send required notice, where appellant failed to invoke jurisdiction of the trial court by pleading and proving the applicability of PCRA timeliness exceptions). Accordingly, the court's failure to send Appellant notice pursuant to Pa.R.Crim.P. 907 does not affect our analysis.

relief and encompasses … coram nobis." 42 Pa.C.S. § 9542. As this Court has previously observed:

> Under the plain words of the statute, if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is exclusive to the PCRA. It is only where the PCRA does not encompass a claim that other collateral procedures are available.

*Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004) (internal citations omitted). A petitioner cannot escape the timeliness requirements of the PCRA by mislabeling his petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013); *Commonwealth v. Mercado*, 826 A.2d 897, 899 (Pa. Super. 2003), *appeal denied*, 832 A.2d 436 (Pa. 2003) (stating petition for habeas corpus relief must first satisfy jurisdictional PCRA timeliness requirements). Here, Appellant's underlying substantive claims concern the ineffective assistance of counsel and the legality of his sentence, which are both claims that are cognizable under the PCRA. *See*, *e.g*., *Commonwealth v. Voss*, 838 A.2d 795 (Pa. Super. 2003).

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

To be eligible for PCRA relief, an Appellant must, at the time relief is granted, be *currently serving* a sentence of imprisonment, probation, or parole for the crime. **See** 42 Pa.C.S. § 9543(a)(1)(i) (emphasis added); **see also Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997); **see also Commonwealth v. Turner**, 80 A.3d 754 (2013). Although Appellant is apparently in federal custody, he is no longer serving a state sentence, and accordingly, he is not eligible for PCRA relief.

Even if Appellant was still serving a sentence, he would not be eligible for relief. We address the timeliness of Appellant's petition, as it implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claim. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. **Id**. There are three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 5 -

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is untimely.[5] Accordingly, Appellant must establish jurisdiction by pleading and proving an exception to the timeliness requirement. *See Bennett*, 930 A.2d at 1267. However, Appellant neither pleads nor proves an exception to the time bar. Rather, he seeks relief from alleged errors he concedes occurred at the time of his guilty plea and sentence. *See* Pro Se Petition for Writ of Error Coram Nobis, 8/21/17, at 2-6.

Appellant's petition is untimely, and he has failed to establish an exception to the timeliness requirements of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claims and properly dismissed his petition. *See Ragan*, 932 A.2d at 1170.

Order affirmed.

---

[5] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on January 8, 2003. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Appellant's current petition, filed August 21, 2017, was filed over thirteen years late. *See Bennett*, 930 A.2d at 1267.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/20/18