J-S52020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE D. ROOF | : | |
| | : | |
| Appellant | : | No. 826 MDA 2018 |

Appeal from the PCRA Order Entered April 24, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001823-2009

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED NOVEMBER 02, 2018**

Shane D. Roof appeals *pro se* from the order entered April 24, 2018, dismissing as untimely his second petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In September 2010, Roof pleaded guilty to third-degree murder, conspiracy, and several related crimes.  Roof's plea was partially negotiated to include a recommendation from the Commonwealth that his sentence for murder would entail 20 to 40 years of incarceration.  Roof did not negotiate a sentence for the remaining charges.  In November 2010, the court sentenced Roof to an aggregate sentence of 47 to 94 years of incarceration.  Roof timely appealed, challenging discretionary aspects of his sentence, and this Court affirmed.   **Commonwealth v. Roof**, 32 A.3d 270 (Pa.Super. 2011) (unpublished memorandum).  Roof did not seek further appellate review.

_____
* Retired Senior Judge assigned to the Superior Court.

In August 2012, Roof timely filed his first petition for collateral relief, asserting ineffective assistance of plea counsel and again challenging discretionary aspects of his sentence. The PCRA court denied relief, and this Court affirmed. **Commonwealth v. Roof**, 122 A.3d 435 (Pa.Super. 2015) (unpublished memorandum).

In January 2018, Roof *pro se* filed his second petition for collateral relief, styled as a petition for writ of habeas corpus. **See** Petition, 01/08/2018. In his petition, Roof asserted that his detention was unlawful and that the sentence imposed was illegal. **Id.** at 1. Following Pa.R.Crim.P 907 notice of its intention to dismiss Roof's petition, and an untimely response thereto, the PCRA court dismissed Roof's petition. PCRA Ct. Order, 04/24/2018.

Roof timely appealed[1] and now raises the following issue: "Whether the [PCRA] [c]ourt erred in dismiss[-ing] the [petition for] [s]tate [w]rit of [h]abeas [c]orpus, where [Roof's] [c]onstitutional [r]ights [were] violated." Roof's Br. at 4.

Roof's mislabeled petition is properly considered under the PCRA. Roof challenges the legality of his sentence. **See** Roof's Br. at 8-15. Therefore, his

---

[1] The PCRA court did not order compliance with Pa.R.A.P. 1925(b).

claim is subsumed into the PCRA.[2] 42 Pa.C.S.A. § 9543(a)(2)(vii). As this Court has previously observed:

> Under the plain words of the statute, if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is exclusive to the PCRA. It is only where the PCRA does not encompass a claim that other collateral procedures are available.

***Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa.Super. 2004) (internal citations omitted); ***see also*** 42 Pa.C.S. § 6503(b). A petitioner cannot escape the timeliness requirements of the PCRA by mislabeling his petition. ***See Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa.Super. 2013); ***Commonwealth v. Mercado***, 826 A.2d 897, 899 (Pa.Super. 2003), *appeal denied*, 832 A.2d 436 (Pa. 2003) (stating petition for habeas corpus relief must first satisfy jurisdictional PCRA timeliness requirements).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***See Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record.

---

[2] To the extent Roof seeks to challenge discretionary aspects of his sentence, ***see*** Roof's Br. at 15 (asserting sentence is "excessive"), such claims are not cognizable under the PCRA. ***See Commonwealth v. Fowler***, 930 A.2d 586, 593 (Pa.Super. 2007). Moreover, even if such a claim were cognizable, Roof would be ineligible for relief, as the claim was previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3); ***see Commonwealth v. Roof***, 32 A.3d 270 (Pa.Super. 2011) (unpublished memorandum rejecting challenge to discretionary aspects of his sentence).

*Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa.Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa.Super. 2010)).

We address the timeliness of Roof's petition, as it implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claim. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id.* There are three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Roof's petition is untimely.[3] Accordingly, Roof must establish jurisdiction by pleading and proving an exception to the timeliness requirement. *See Bennett*, 930 A.2d at 1267. However, Roof neither pleads nor proves an exception to the time bar. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claims and properly dismissed his petition. *See Ragan*, 932 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2018

---

[3] Roof's petition is patently untimely. His judgment of sentence became final on August 15, 2011, thirty days after his opportunity to file a petition for allowance of appeal expired. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a). Appellant's current petition, filed January 8, 2018, was filed over five years late.